1  **PATRICK W. KANG, ESQ.**
State Bar No.: 10381
2  **ERICA D. LOYD, ESQ.**
State Bar No.: 10922
3  **KANG & ASSOCIATES, PLLC.**
6480 W. Spring Mountain Road, Suite 1
4  Las Vegas, Nevada 89146
P: 702.333.4223
5  F: 702.507.1468

6
*Attorneys for Plaintiff*
7  *Michael Campus*

8              **UNITED STATES DISTRICT COURT**

9              **DISTRICT OF NEVADA**

10

11  MICHAEL CAMPUS, an Individual,            Case No.:

12                    Plaintiff,
   vs.
13                                            **COMPLAINT**
   TRUMP RUFFIN COMMERCIAL, LLC, a Foreign    JURY TRIAL REQUESTED
14  Limited Liability Corporation dba TRUMP
   INTERNATIONAL HOTEL & TOWER LAS VEGAS;
15   DOES, 1 through 25, inclusive; and ROE CORPS.,
   1 through 25, inclusive,
16
                    Defendants.
17

18

19         COMES NOW, Plaintiff, MICHAEL CAMPUS, by and through undersigned counsel, and

20  complains, alleges and avers as follows:

21              **JURSIDICTION AND VENUE**

22  1.  This is a civil complaint brought in United States District Court under Federal and State

23      statutes prohibiting discrimination in order to secure protection and redress deprivation of

24      rights under these laws.

25

*Attorneys sidebar:* **KANG & ASSOCIATES, PLLC.**
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

2. Plaintiff's statutory claims arise under including but not limited to the Age Discrimination In Employment Act ("ADEA") codified as 29 U.S.C. § 621 through 29 U.S.C. §634. Further Plaintiff asserts a retaliation claim under Title VII, codified as 42 U.S.C. §1981. The jurisdiction of this Court is invoked under 28 U.S.C. §1331.

3. This action also includes claims arising out of Nevada, namely, N.R.S. Section 613.310 *et seq.* and N.R.S. 613.075 which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C §1367(a). Plaintiff asserts he was treated disparately, subjected to hostile work environment and retaliation due to his matured age which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII") and Age Discrimination In Employment Act ("ADEA") codified as 29 U.S.C. §621 through 29 U.S.C. §634.

4. Jurisdiction in this case is also proper pursuant to N.R.S. 14.065.

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

6. As Plaintiff's employer, during the relevant time period, Defendant, TRUMP RUFFIN COMMERCIAL, LLC dba TRUMP INTERNATIONAL HOTEL AND TOWER LAS VEGAS s operating within the County of Clark, State of Nevada; is operating and has more than 500 employees within the state of Nevada; is an entity and enterprise subject to suit.

7. Plaintiff filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received a copy of his "Right to Sue" Notice (for EEOC Charge No.: 487-2015-01150) (hereto attached as Exhibit A–Charge of Discrimination) dated July 07, 2015. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of his receipt of the February 01, 2016 Right To Sue Notice (hereto attached as Exhibit B –Right to Sue Letter).

9. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

**PARTIES**

10. Plaintiff, Michael Campus, at all times relevant to this Complaint, was a resident of Clark County, Nevada and at all times herein began his employment with Trump International Hotel and Tower Las Vegas in or around March 2014.

11. Defendant Trump International Hotel and Tower Las Vegas ("Defendant Trump Hotel") is an employer within the meaning of Title VII and the ADEA. Defendant Trump Hotel is an entity operating in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

12. As an employer in Nevada, Defendant Trump Hotel is required to comply with all state and federal statutes, which prohibit harassment, discrimination and retaliation based on an individual's age.

13. DOE Defendants I through X, inclusive, and ROE CORPS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants. The true identities of the DOE Defendants and ROE CORPS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPS I-X, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

14. At all times relevant hereto, Plaintiff was employed by Defendant Trump Hotel who operates in Clark County, Nevada.

...
...
...
...
...
...

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

**GENERAL ALLEGATIONS**

15. In or around March 2014, Plaintiff Michael Campus ("Michael") began his employment with Defendant Trump Hotel as a Part-Time Room Service Cook within the Food and Beverage Department.

16. Normally, Michael worked a 6(Six) hour shift for a minimum of 24 (Twenty-Four) hours a week at the pay rate of $17.48 (Seventeen Dollars and Forty-Eight Cents) an hour.

17. This matter involves Michael, a matured man of a hardworking nature, whom, while employed with Defendant, Trump Hotel, had a service oriented disposition.

18. Michael proved to be an exemplary employee as well as an overall asset to the Defendant's, Trump Hotel, during his employment tenure.

19. However, during his employment, Defendant's agents and employees subjected Michael to disparate treatment.

20. Despite, his dedication to the company, Defendant Trump Hotel allowed its agents and employees to subject Michael to different terms and conditions of employment than those similarly situated.

21. Namely, the discrimination and retaliation began in January 2015, when Michael had a paycheck issue whereby Chef Sydney Jones failed to compensate Michael for hours worked alleging that Michael failed to work his shift.

22. Michael reported the paycheck discrepancy to Human Resources' Assistant Director Gustavo Acosta whom after investigation and several months finally issued Michael compensation for the hours missing on Michael's paycheck.

23. Furthermore, after Michael reported the paycheck incident to Human Resources, Chef Sydney Jones began to cut Michael's work hours.

24. Most notably, between January 2015 and July 2015, Michael applied for three promotions to a full-time position with Defendant Trump Hotel

25. Each application for promotion was denied by the Defendant Trump Hotel.

26. Michael inquired about the denials of the promotion opportunity given his qualifications, experience as well as seniority with Defendant Trump Hotel.

27. Most notably, on one occasion, Michael was denied a promotional opportunity when Chef Sydney Jones hired a younger less qualified candidate whom was actively still within his probationary period with Defendant Trump Hotel and was ineligible for said promotion given the internal policies and procedures of Defendant Trump Hotel.

28. Michael expressed his concerns regarding the denial of the two promotions to Human Resources. He expressed his belief that the denial was discriminatory based on his matured age of 58 (Fifty-Eight); especially when the employees hired for the positions were significantly younger than Michael yet lacking the experience to justify the promotion.

29. To no avail, Michael reported his distress to Human Resources whom failed to take any corrective action regarding the same.

30. In fact, the reporting to the Human Resources' department resulted in adverse action whereby Chef Sydney Jones, again, cut Michael work hours to 4 (four) hours a week to further substantiating the retaliation against Michael for filing complaint as well as punishing Michael for his Union organizing activities.

31. Notably, the lack of any corrective action by Human Resources prompted Michael to file a complaint of ADEA discrimination with the EEOC.

32. On June 12, 2015, Michael submitted his Questionnaire to initiate a complaint with the EEOC.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

33. Thereafter on June 20, 2015, another full-time Cook position was opened yet Defendant Trump Hotel failed to have an open bid process for the position, in order to prevent Michael from applying for the same.

34. Again, contrary to Defendant's Trump Hotel protocol, policies and procedures, Chef Sydney Jones, transferred and promoted a 21-year old male employee, Jason Hernandez, for the position; denying Michael the opportunity to promote for the third consecutive time.

35. More importantly, after Michael filed his complaint with the EEOC, Chef Sydney Jones, completely, removed Michael from the work schedule from June 29, 2015 to July 21, 2015. During this period Michael received no working hours; thus no pay or compensation.

36. Further, between July 21, 2015 and October 2015, in retaliation for complaining to Human Resources and filing with the EEOC, Chef Sydney Jones, essentially, demoted Michael by reducing Michael's routine 24 hour work week to 4 hours in an entire work week.

37. Additionally, the retaliation further intensified and escalated when Michael worked actively to establish a Union chapter at Defendant Trump Hotel.

38. Most egregiously, when Michael expressed his concerns to Chef Sydney Jones regarding the failure to promote, Chef Sydney Jones stated that Michael had numerous disciplinary actions in Chef Sydney's personal secret employment file for Michael.

39. Michael, then, reported this information to Human Resources whom was unaware of the disciplinary actions, disciplinary documentation, and file that Chef Sydney Jones had in his possession.

40. Nonetheless, it is clear that Chef Sydney Jones made fraudulent misrepresentations regarding Michael's employment file in an effort to implement yet camouflage his discriminatory motive to deny Michael promotional opportunities because of Michael's matured age.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

41. This blatant discrimination was witnessed by Defendant Trump Hotel's employees and personnel.

42. The continuum of the discriminatory and retaliatory acts caused a constructive discharge of Michael from his employment with Defendant Trump Hotel.

43. Upon information and belief, Michael's resilience fueled Defendant's, Trump Hotel, discrimination towards him which obviously has only caused an escalation in the disparate treatment and the retaliation.

44. Michael undoubtedly believes that his disparate treatment is due to his matured age.

45. Michael believes that his constructive discharge is solely a result of retaliation because Michael's opposition to the discrimination and his actions for redress for the violation of his protected rights both internally and externally.

46. Therefore, Defendant's, Trump Hotel, actions are in direct violation of the Title VII and the ADEA.

## FIRST CAUSE OF ACTION
### (AGE DISCRIMINATION- ADEA VIOLATION)

47. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 46 as though fully set forth herein.

48. Defendant, Trump Hotel, knew or should have known of its obligation, pursuant to state and federal statutes, to maintain work places free of age discrimination.

49. But for Michael's matured age coupled with Defendant's discriminatory motives, Defendant Trump Hotel and Chef Sydney Jones would have promoted Michael to a full-time position.

...

...

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

50. Michael's matured age was a motivating factor which caused Defendant's, Trump Hotel, executive Chef Sydney Jones' to discriminate against Michael by failing to promote yet promoting several substantially younger and inexperienced employees whom also lacked seniority.

51. But for Michael's matured age of 58, Defendant Trump Hotel and Chef Sydney Jones would have negated attempting to take disciplinary action against Michael and spitefully decreasing Michael's work hours.

52. Defendant's, Trump Hotel, and Chef Sydney Jones' failure to promote, attempt to issue disciplinary action, limiting Michael's ability to earn any compensation was solely because of Michael's matured age, that is, the Defendant would not have engaged in any of the aforementioned unscrupulous conduct and adverse actions against Michael but for his matured age.

53. Defendant, Trump Hotel, failed to take reasonably adequate steps to prevent and correct discrimination based on age in its workplace in Nevada by allowing adverse actions and the constructive discharge of Michael despite his numerous requests for corrective action and redress for the deprivation of his protected rights.

54. Additionally Defendant Trump Hotel, in violation of the ADEA, constructively discharged Michael by removing him from the schedule during high peak times thereby singling him out amongst all employees in the Food and Beverage Department.

55. Michael is a qualified individual under the ADEA because of his matured age of 58 at all times relevant herein.

56. Michael requested a reasonable redress and corrective action for Defendant's, Trump Hotel, discriminatory conduct.

...

...

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

57. Defendant, Trump Hotel, ignored Michael effectively refusing to take any corrective action for the adverse and discriminatory actions aforementioned herein.  Moreover, Defendant has no justifiable basis or non-discriminatory reason for the adverse actions; thus substantiating the discrimination.

58. Therefore, Defendant, Trump Hotel, acting through and with its employees, discriminated illegally against Michael.

59. Michael charges that Defendant, Trump Hotel, discriminated against him solely based on his matured age in that he was subjected to intentional acts and procedures in furtherance of the same.

60. Michael suffered actual damages in an amount subject to proof at trial.

61. Defendant's actions were intentional and done with malicious and willful disregard for the well-established and well-known legal rights of Michael.

62. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (Retaliation 42 U.S.C. §2000e-3)

63. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 62 as though fully set forth herein.

64. Federal law 42 U.S.C. §2000e-3 specifically prohibits an employer from taking retaliatory action against an employee for attempting to invoke his rights under the Federal Discrimination Laws.

65. Michael expressed his concerns, verbal and written, about the disparate treatment, the verbal harassing conduct, punitive and adverse pecuniary consequences, the hostile work environment, and the denial of his ability to receive the same terms and condition of employees similarly situated of employees.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

66. After receiving notice of Michael's internal complaints, Defendant Trump Hotel, its' supervisors, its' agents and its' employees engaged in retaliatory conduct by constantly subjecting Michael to unwarranted disciplinary action and ultimately adverse employment action by substantially decreasing Michael's work hours.

67. Michael filed numerous internal Human Resources complaints with regards to age discrimination and adverse treatment which the Defendant was well aware prior to the unsubstantiated disciplinary action, failure to promote and reduction of Michael's work hours.

68. Thereafter, Michael filed an external complaint with the EEOC.

69. Michael's external complaint with the EEOC only increased and intensified Defendant's, Trump Hotel, retaliatory acts.

70. Subsequent to Michael's EEOC complaint, Defendant, Trump Hotel, allowed its' agent Chef Sydney Jones to completely diminish Michael's work hours thereby curtailing Michael's ability to earn any compensation.

71. Defendant's act and demands to force Michael to co-exist in a known hostile work environment is unscrupulous as well as retaliatory.

72. Michael engaged in an activity protected under federal law, that is, Michael had the right to seek redress with Human Resources and the EEOC regarding the age discrimination.

73. Because of Michael's engagement of a protected activity Defendant, Trump Hotel, subjected Michael to adverse employment action, that is, Defendant completely removed and decreased Michael's hours from the work schedule thereby denying and curtailing Michael's ability to earn income.

74. Michael was subjected to the adverse employment action because of his internal complaints to Human Resources and his external complaint to the EEOC.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

75. Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Michael.

76. Michael suffered damages in an amount subject to proof at trial.

77. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**(Negligent Hiring, Supervision, and/or Training of Employees)**

78. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 77 as though fully set forth herein.

79. Defendant Trump Hotel should have known of the propensity of its supervisors and its employees to cause emotional and financial injury to employees and therefore has knowledge of their potentially harmful effect upon employees, particularly employees who are matured in age.

80. Defendant Trump Hotel was aware that its supervisors and its employees were creating a situation, which placed Michael in danger of having his rights violated and in fact Michael's rights were violated when Defendant Trump Hotel chose to discriminate, retaliate and ultimate constructively discharge Michael based on his matured age and his diligence to obtain redress for the violations of his protected rights.

81. Because of this awareness, Defendant Trump Hotel should have taken protective measures to stop its employee's illegal discriminatory conduct toward Michael.

82. Defendant Trump Hotel knew or should have known that the conduct of its principals, assistant principals, and other supervisors, agents and employees might result in a violation of employee's rights and Defendant Trump Hotel failed to institute sufficiently effective training programs, which may have identified its principals, assistant principals, other supervisors and

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

its employees' illegal discriminatory conduct and prevented further recurrences or may have allowed employees to file complaints about it.

83. Defendant Trump Hotel received notice that its principals, assistant principals, other supervisors and its employees are engaging in conduct that violated Michael's rights when Michael made several complaints to Human Resources.

84. Yet, Defendant Trump Hotel ignored Michael's internal complaints of discrimination and retaliation.

85. Further, Defendant Trump Hotel failed to properly supervise and restrain its agents, supervisors and employees from their illegal discriminatory conduct which is evidenced by Defendant Trump Hotel ignoring Michael's complaints regarding the discrimination and retaliation.

86. Defendant Trump Hotel by creating an atmosphere in which the ire of its agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorizes and ratifies such unlawful, tortuous, discriminatory and retaliatory conduct towards Michael.

87. As a result of each supervisor's, employee's and agent's conduct and based upon the responsibility of Defendant Trump Hotel, Michael has suffered damages by Defendant, Trump Hotel, and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

88. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
### (Violation of N.R.S. 613.075)

89. Plaintiff hereby repleads, realleges and incorporates by reference each and every previous allegation contained in Paragraphs 1 through 88 above, as though fully set forth herein.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

90. Defendant Trump Hotel is an employer as defined by Nevada Revised Statute.

91. As an employer, Defendant has certain duties which are codified and outlined in Nevada Revised Statute 613.075(3).

92. Pursuant to N.R.S. 613.075(3):

" An employer or labor organization shall not maintain a secret record of employment regarding an employee or person referred."

93. Defendant's Trump Hotel, agent, Chef Sydney Jones, by his own admission, had a secret record and file regarding Michael.

94. Upon information, admission and belief, Chef Sydney Jones' secret file contained fraudulent disciplinary actions that neither Human Resources nor Michael were aware Chef Sydney Jones had in his possession regarding Michael.

95. Nonetheless, Chef Sydney Jones maintained the secret employment file as fraudulent means to conceal his true discriminatory motivations regarding the failure to promote Michael as well as the substantial decrease in Michael's work hours.

96. Most notably, Chef Sydney Jones' possession of said fraudulent and secret employee file is in violation of Defendant Trump Hotel internal policies and procedures.

97. Most outrageously, when Michael complained of Chef Sydney Jones' maintenance of the fraudulent and secret file to human Resources, Defendant Trump Hotel took no corrective or disciplinary action against Chef Sydney Jones for his unscrupulous conduct.

98. Therefore, Defendant is liable for its failure to follow the law as outlined in N.R.S. 613.075(3).

99. Michael suffered damages in an amount subject to proof at trial.

100. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

## FIFTH CAUSE OF ACTION
### (CONSTRUCTIVE DISCHARGE)

101. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 100 as though fully set forth herein.

102.   Michael was employed by Defendant Trump Hotel.

103.   Michael was subjected to working conditions that violated discrimination laws and public policy, by subjecting Michael to pervasive age discrimination; Michael was treated intolerably in retaliation for filing and substantiating prior internal Human Resources Complaints and EEOC claims against Defendant Trump Hotel.

104.   Defendant Trump Hotel intentionally created or knowingly permitted these working conditions by failing to take adequate and reasonably corrective measures in accordance with Defendant's internal policies as well as to deter discriminatory conduct and remedy Michael.

105.   Further, Defendant intentionally created or knowingly permitted these working conditions by substantially eliminating Michael's work hours which ultimately result in devastating punitive and pecuniary loss to Michael.

106.   Defendant created working conditions that were so intolerable that a reasonable person in Michael's position would have had no reasonable alternative except to resign.

107.   Michael undoubtedly and outwardly resigned because of these working conditions.

108.   Michael was harmed.

109.   The above-mentioned working conditions were a substantial factor in causing Michael's harm.

110.    Defendant's, Trump Hotel, actions were intentional and done with willful disregard for the well-established and well-known rights of Michael and resulted in Michael's constructive discharge.

111.    Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays as follows:

1.  For a trial by jury on appropriate issues;

2.  For all employment-related losses subject to proof;

3.  For a declaration that the acts and practices complained of herein are in violation of Age Discrimination In Employment Act ("ADEA") codified as 29 U.S.C. § 621 through 29 U.S.C. §634, violation of Title VII, specifically, 42 U.S.C. §2000e-3. and the supplemental state causes of action herein;

4.  For compensatory damages in a sum or value in excess of $50,000.00, exclusive of interest and costs;

5.  For punitive damages against Defendant Trump Hotel;

6.  For prejudgment interest;

7.  For reasonable attorney's fees and all costs incurred by Plaintiff Michael Campus herein; and

8.  For such other and further relief as the Court shall deem just and proper.

...

...

...

...

...

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

## <u>JURY DEMAND</u>

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

This 29TH day of April, 2016.

**KANG & ASSOCIATES, PLLC.**

/s/ Erica D. Loyd, Esq.
**PATRICK W. KANG, ESQ.**
State Bar No.: 10381
**ERICA D. LOYD, ESQ.**
State Bar No.: 10922
6480 W. Spring Mtn. Rd., Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

# **EXHIBIT A**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2015-01150 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Michael Campus** | **(702) 239-8680** | **09-01-1956** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2961 Industrial Rd. #135, Las Vegas, NV 89109** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TRUMP INTERNATIONAL HOTEL AND TOWER** | **500 or More** | **(702) 982-0000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2000 Fashion Show Drive,  Las Vegas, NV 89109** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
**07-07-2015**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about March 28, 2014, I was hired by the Respondent as a part time Cook. My current job title is Part Time Cook.

From in or around January 2015 to on or about June 5, 2015, I applied for several full time positions. Despite being qualified, Respondent selected a lesser qualified candidate for each vacancy, not of my protected class. I informed Respondent of my concerns and opposition to discriminatory hiring practices; however, no action was taken to investigate or to promptly correct. Subsequently, I was issued discipline and my hours were cut.

I believe I was discriminated against because of my age, 58 (DOB: September 1, 1956), and retaliated against for engaging in a protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jul 07, 2015**              *Charging Party Signature*<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br><br>JUL 0 7 2015<br>EEOC/LVLO<br>INTAKE<br>RECEIVED |

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT B

EEOC Form 161 (11/09)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michael Campus<br>2961 Industrial Rd. #135<br>Las Vegas, NV 89109 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

| [ ] | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **487-2015-01150** | Richard T. Burgamy,<br>**Local Office Director** | **(702) 388-5054** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_(signature)_                                                        **FEB 0 1 2016**

Enclosures(s)                       Richard T. Burgamy,                      (Date Mailed)
                                    **Local Office Director**

cc:   **Jill A. Marin**
      **Assistant General Counsel**
      **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
      **One Ocean Trails Drive**
      **Rancho Palos Verde, CA 90275**